# CIRCUIT COURT OF NELSON COUNTY

Amber Dawn Small
and Naomi Marquee Small

v.

Audrey C. Dulaney,
Administratrix
of the Estate of
Mark Dean Small,
deceased

January 27, 2009

Case No. CL06000208

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to give you my decision in this case. In this regard, I grant judgment in favor Amber Dawn Small and Naomi Marquee Small against Audrey C. Dulaney in the amount of $4367.92. Additionally, I award prejudgment interest at the judgment rate commencing April 11, 2002. Further, Audrey C. Dulaney, the administrator, is directed to complete the administration of the estate by July 15, 2009. This includes the sale in a reasonable manner of the remaining tangible assets and the distribution of the remaining money in the estate.

Mark Dean Small died on February 25, 2000. He committed suicide. He left surviving his two children, namely Amber, age 14, and Naomi, age 9.

Audrey C. Dulaney is the mother of Mark Dean Small and the grandmother of Amber and Naomi. Mrs. Dulaney qualified as the administrator of her son's estate and also became the custodian of her grandchildren. Eventually, the grandchildren left Mrs. Dulaney to reside with their mother.

Mrs. Dulaney did a competent job marshalling the monetary accounts in the estate, liquidating Trigon stock, selling the mobile home, and paying the debts of the estate. Her efforts to marshal, protect, and distribute the other tangible assets of the estate were inadequate. While I certainly realize that Mrs. Dulaney was both trying to help her grandchildren and administer her son's estate, her actions were not in accordance with fiduciary standards for the administration of tangible property. Basically, she failed to timely sell a Crawler tractor, miscellaneous tangible personal property, and a one-half interest in two firearms. Additionally, she sold a 1992 GMC Jimmy for less than fair-market value and lost firearms that were erroneously placed in the possession of another son. Although it has been nine years since the death of Mark Small, the Crawler tractor, tangible personal property, and one-half interest in firearms have yet to be liquidated and any proceeds distributed to the beneficiaries.

When the liability of a fiduciary is in question, the trial court must ask three questions: (1) did he act within the scope of his powers and duties; (2) did he act in good faith; and (3) did he act with ordinary prudence? *Buckle v. Marshall*, 176 Va. 139, 153-54, 10 S.E.2d 506 (1940); *Powers v. Powers*, 174 Va. 164, 171, 3 S.E.2d 162 (1939). In the instant case, Mrs. Dulaney did act within the scope of her powers and duties as an administrator. Further, she acted in good faith. Mrs. Dulaney believed that she was acting properly with respect to the estate of her son and the inheritance of her grandchildren. Nonetheless, with respect to the items of personal property set forth above, she did not act with ordinary prudence.

The Crawler tractor should have been quickly liquidated. It has been allowed to deteriorate for nine years. The best evidence of the value is the $1135.00 that was paid for the tractor.

The other tangible personal property should have been sold, liquidated, and disbursed. Again, it has deteriorated for nine years. The best evidence of its value is the appraisal by R. V. Morris, being a total value of $1327.92. Likewise, Mark Small owned a one-half interest in two firearms with his brother. Mrs. Dulaney did not seek to obtain the value for these firearms from the brother, nor did she seek to have the firearms sold and the proceeds divided. I find that the value of the one-half interest is $265.00.

I find that Mrs. Dulaney sold the 1992 GMC Jimmy for less than fair-market value. She sold this vehicle for $1800.00. The Blue Book value was $2940.00. Accordingly, the estate was damaged in the amount of $1140.00.

Last, she improvidently placed a number of the firearms with her other son. These firearms were lost or stolen. I find that their value is $500.00.

The plaintiffs sought recovery for the value of a 1987 Subaru. I find that Mark Dean Small sold this car to David Clements prior to his death.

The plaintiffs also sought to have the court place a value on other missing personal property. No value was proven during the trial. It would be improper for the court to arbitrarily place a value on any other property without evidence to support that value.

I have decided that judgment interest should accrue beginning two years after the qualification of Mrs. Dulaney. The administration of this estate should have been completed within two years after the date of qualification.

The administration of the estate still must be completed. I am directing that the final liquidation, distribution, and accounting for this estate be completed by July 15, 2009. The proceeds received shall be applied to each item of the Damage Summary, plus interest, after deduction for reasonable costs. Mrs. Dulaney, however, will not receive any compensation or commission for her services as administrator. Any proceeds in excess of a particular item in the Damage Summary, plus interest, will also be paid to the plaintiffs. A final accounting shall be submitted by Mrs. Dulaney to the Commissioner of Accounts.